IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: EXEMPTION FROM FEES TO ) | | |
| PACER FOR PRO SE SHARON BUSH ) | | |
| ELLISON FOR LEGAL RESEARCH: ) | | |
| ) | | |
| SHARON BUSH ELLISON, ) | MC 106-012 | |
| ) | | |
| Movant. ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case on December 18, 2006 and requested permission to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's motion to proceed IFP, the Court denied the motion without prejudice and directed Plaintiff to submit a new motion. (See doc. no. 4). Upon review of the second motion to proceed IFP, the Court requested additional information from Plaintiff. (See doc. no. 6). On March 16, 2007, the Court denied Plaintiff permission to proceed IFP, and she was directed to pay the $39.00 filing fee.[1] (Doc. no. 8). Plaintiff was warned that failure to pay would result in a recommendation for dismissal of her case. (Id. at 4). Plaintiff did not respond.

---

[1] In accordance with 28 U.S.C. § 1914(b), the Judicial Conference promulgated the District Court Miscellaneous Fee Schedule, which sets the filing fee for a miscellaneous case at $39.00. (Memo. dated May 3, 2004 from Leonidas Ralph Mecham, Director of Administrative Office of the United States Court, transmitting District Court Miscellaneous Fee Schedule, available at http://jnet.ao.dcn/District/Miscellaneous_Fee_Schedule/Amendment_to_District_Court_Miscellaneous_Fee_Schedule.html).

Because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on April 25, 2007, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's March 16th Order. (Doc. no. 9). Once again, Plaintiff was warned that her failure to comply in a timely fashion with the Court's Order would result in a recommendation that her case be dismissed. (Id. at 2).

The time to respond has passed, and Plaintiff has not paid the $39.00 filing fee for this case, nor has she provided the Court with any explanation why she has not complied with the Court's Order to do so. Under the Local Rules, if an IFP motion is denied, a plaintiff must timely pay the appropriate filing fee, and if the fee is not paid twenty (20) days after the IFP motion is denied, the case may be dismissed. Loc. R. 4.2(2) ("Failure to make timely payment will result in dismissal of the complaint."). As described above, over 20 days have passed since Plaintiff's IFP motion was denied.

Moreover, the Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after

notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c). Clearly Plaintiff's failure to pay the $39.00 filing fee - despite receiving two Orders to do so - or to otherwise respond to the Court's Orders amounts to a failure to prosecute and is a violation of the requirement of Loc. R. 4.2(2) that the filing fee be paid within 20 days after the IFP request is denied. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case <u>and pursue it</u>.[2]

In sum, the Court **REPORTS** and **RECOMMENDS** that, pursuant to Loc. R. 4.2(2) and 41.1(b) & (c), this case be **DISMISSED** without prejudice because Plaintiff failed to pay the $39.00 filing fee after having been denied permission to proceed IFP or to otherwise respond to any of the Court's Orders directing her to pay the filing fee.

SO REPORTED and RECOMMENDED this 31st day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Given Plaintiff's earlier request to proceed IFP and her refusal to pay the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction for failing to respond to the Court's Orders.

3